**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al, | Case No. 2:15-cv-02265-MMD-CWH |
| Plaintiffs, | |
| v. | |
| MARJORIE BELSKY, MD, et al, | **ORDER** |
| Defendants. | |

Presently before the Court is Plaintiffs' exhibit A attached to its declaration (ECF No. 132) in support of its response (ECF No. 131) to Defendants' motion for sanctions (ECF No. 107), submitted on May 1, 2017 for *in camera* review.

Also before the Court is Defendants' motion for Federal Rule of Civil Procedure 16 Status Conference (ECF No. 156), filed on May 16, 2017. Plaintiffs' filed a response (ECF No. 166) on May 20, 2017.

On May 1, 2017, Plaintiffs delivered to chambers a set of unsolicited documents, for which they requested *in camera* review. Plaintiffs' submission included a number of e-mails from Debe Dube, along with a transcript of an examination under oath (EUO) with Mrs. Dube, conducted by Plaintiffs' attorneys Eron Z. Cannon and Jared P. Green. The EUO was offered in support of Plaintiffs' response (ECF No. 131) to Defendants' motion for sanctions (ECF No. 107). Plaintiffs represent that they provided the transcript to the Court to "refute Defendants' speculative claims of ethical violations during the EUO[,]" (Resp. at 8 (ECF No. 166)), and so that "the Court can fully evaluate efforts by Mr. Cannon and Mr. Green to maintain the highest ethical standards while conducting a proper ex parte interview with Dr. Belsky's former employee for the purpose of evaluating Allstate's potential legal claims." Resp. at 3 (ECF No. 131). Plaintiffs refer to statements made in the EUO throughout their response and supporting declarations to Defendants' motion for sanctions, describing both the conduct and statements of Ms. Dube as well as attorneys Mr. Cannon

and Mr. Green. Plaintiffs ask for an *in camera* review of the EUO to ensure that the assertions made in their response and supporting declarations are accurate, and to aid the Court in making its decision in the pending motion for sanctions. Plaintiffs also argue that their use of the EUO in support of their response does not waive their work product privilege, so they do not have to disclose the EUO to Defendants. Resp. at 7-9 (ECF No. 166).

However, when Plaintiffs refer to the EUO in their response to the motion for sanctions and their supporting declarations, they put the contents of that document at issue. As both parties note in their briefing, "a litigant cannot use the work product doctrine as both a sword and shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion." *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 704 (10th Cir. 1998). It would be inconsistent with the adversarial system to allow Plaintiffs to make arguments that explicitly rely on the EUO without also allowing Defendants access to that material for rebuttal. In order to meaningfully reply to Plaintiffs' response to the motion for sanctions, Defendants must be able to challenge the truth of the assertions made about the EUO and the validity of the conclusions drawn from those assertions. Plaintiffs argue that by merely submitting the EUO to the Court for *in camera* review, without disclosing the document to Defendants, they do not waive any privilege. The Court does not disagree. However, Plaintiffs also refer to the EUO extensively in their response to the motion for sanctions, in direct support of their arguments against the motion. They then invoke privilege to prevent any challenge to Plaintiff's characterization of the EUO in Defendants' reply. The Court finds this selective use of the EUO is a form of the "sword and shield" strategy described by the *Frontier* court. The Court will therefore order Plaintiffs to produce the EUO to Defendants.

As to the e-mails Plaintiffs provided to the Court for *in camera* review, Defendants argue they should be disclosed. Plaintiffs do not claim any privilege to them, and take no position on whether they should be disclosed to Defendants. Resp. at 4 (ECF No. 166). Defendants' request is unopposed, and the Court will therefore order Plaintiffs to produce the e-mails to Defendants.

A hearing is currently scheduled on Defendants' motion for a status conference regarding

these documents (ECF No. 156).  In light of the Court's order above, it appears that the motion is moot.  Unless the parties notify the Court of a continued need to hold the hearing by the June 5, 2017, the hearing will be terminated.

    IT IS THEREFORE ORDERED that Plaintiffs shall produce to Defendants the documents provided to the Court for *in camera* review no later than June 7, 2017.

    IT IS FURTHER ORDERED that if either party believes the hearing currently scheduled for June 8, 2017 is still necessary, they shall notify the Court by June 5, 2017.

    DATED: June 1, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge