# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ALLSTATE INSURANCE COMPANY, et al,　　)　　Case No. 2:15-cv-02265-MMD-CWH
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
MARJORIE BELSKY, et al.,　　　　　　　)　　**ORDER**
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
_____)

Presently before the court is Defendant Marjorie Belsky's motion to stay (ECF No. 146), filed on May 9, 2017. Plaintiff Allstate Insurance Company filed a response (ECF No. 161) on May 22, 2017, and Defendant filed a reply (ECF No. 168) on May 30, 2017.

Defendant moves to stay all proceedings in this case pending the Court's decision on her motions for disqualification of counsel (ECF No. 112). Defendant argues that she would be prejudiced by Plaintiff's counsel's continued involvement in this matter, and Plaintiff's use of allegedly stolen material, and that the only way to prevent such prejudice is to stay this case pending the Court's decision on the underlying motion. Plaintiff opposes a stay, arguing that Defendant's motion to disqualify is unlikely to be granted, and that in any event, there is no controlling authority which holds that courts should grant a stay pending a motion to disqualify.

## I.　　Legal Standard

It is within the Court's broad discretion over discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In order to determine if a stay is appropriate, courts considers whether (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). Courts considering stays in this district have found that this standard is not easily met (*Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 583 (D.

1

Nev. 2013)), and that "[a]bsent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Id.* (quoting *Trzaska v. Int'l Game Tech.*, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011)). The Court's presumption then, is that litigation should proceed uninterrupted.

Here, the pending motions before the Court are not dispositive, and as both parties concede, there is no binding authority for this Court as to when a stay pending resolution of a motion to disqualify is appropriate. Def's Resp. at 3 (ECF No. 161); Pl's. Reply at 3-4 (ECF No. 168). Defendant argues that the Court should stay proceedings as a matter of course when a motion to disqualify is made. However, Defendant's argument relies primarily on three cases that do not directly support her conclusion. The first two come to a much narrower holding--that it would be a mistake for a court to avoid considering a motion to disqualify by granting summary judgment and then denying the motion to disqualify as moot. *Grimes v. D.C.*, 794 F.3d 83, 90 (D.C. Cir. 2015) (holding that a district court erred by denying as moot a plausible claim of a conflict of interest after granting a motion for summary judgment). *See also Bowers v. Ophthalmology Grp.*, 733 F.3d 647, 654 (6th Cir. 2013) (holding that a district court must rule on a motion for disqualification prior to ruling on a dispositive motion). Similarly, the third case Defendant relies on merely notes that a motion for disqualification should be resolved before moving on to "issues of fact." *Allergia, Inc. v. Bouboulis*, No. 14-CV-1566 JLS (RBB), 2015 WL 11735651, at *5 (S.D. Cal. May 5, 2015). The Court does not find any persuasive authority among Defendant's citations for a *per se* rule that a pending motion for disqualification warrants a general stay of all proceedings. On the contrary, the *Allergia* court makes specific note of the Ninth Circuit's warning that "[b]ecause disqualification motions can be misused for tactical purposes, they should be subjected to particularly strict judicial scrutiny." *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1349 (9th Cir. 1988). An automatic stay of all proceedings upon filing of a motion to disqualify would be inconsistent with the exercise of "particularly strict judicial scrutiny."

Given that Defendant's pending motions are not dispositive, the fact that motions to disqualify are prone to tactical misuse, and the general presumption against staying litigation, the

2

Court not convinced a stay is necessary.

IT IS THEREFORE ORDERED that Defendants' motion to stay (ECF No. 146) is DENIED.

DATED: June 22, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge