UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>                   Plaintiffs,<br>    v.<br>MARJORIE BELSKY, MD; MARIO TARQUINO, MD; MARJORIE BELSKY, MD, INC., doing business as INTEGRATED PAIN SPECIALISTS; and MARIO TARQUINO, MD, INC., DOES 1-100, and ROES 101-200,<br><br>                   Defendants. | Case No. 2:15-cv-02265-MMD-CWH<br><br>ORDER |
| MARJORIE BELSKY, MD, MARIO TARQUINO, MD, MARJORIE BELSKY, MD, INC. doing business as, INTEGRATED PAIN SPECIALISTS, and MARIO TARQUIN, MD, INC.,<br><br>                   Counter-claimants,<br>    v.<br>ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>                   Counter-defendants. | |

**I. SUMMARY**

Before the Court is Counter-defendants Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Indemnity Company, and Allstate Fire

& Casualty Insurance Company's ("Allstate") Motion for Fees Pursuant to NRS § 41.670 ("Motion") based on the Court's prior order (ECF No. 101) granting in part its anti-SLAPP motion and dismissing four of six counterclaims asserted against it. (ECF No. 123.) The Court has reviewed Counter-claimants Marjorie Belsky, MD; Mario Tarquino, MD; Marjorie Belsky, MD, Inc. d/b/a Integrated Pain Specialists; and Mario Tarquino, MD, Inc.'s ("Belsky/Tarquino Parties") response (ECF No. 130) and Allstate's reply (ECF No. 143). For the following reasons, the Court denies Allstate's Motion without prejudice.

**II.     DISCUSSION**

The Belsky/Tarquino Parties do not dispute that Allstate is entitled to reasonable attorneys' fees as the prevailing party on a special motion to dismiss under NRS § 41.660. (ECF No. 130 at 8.) However, the Belsky/Tarquino Parties argue that Allstate's Motion should be denied for failure to comply with LR 54-14. (*Id.* at 9.) The Belsky/Tarquino Parties further argue that any recovery should be reduced to account for Allstate's failure to prevail on two of the counterclaims. (*Id.* at 15.) Finally, the Belsky/Tarquino Parties request a stay. (*Id.* at 20.)

**A.     Local Rules**

LR 54-14(b)(1) requires a motion for attorney's fees to include "[a] reasonable itemization and description of the work performed." Allstate has provided the Court with detailed billing records for *in camera* review[1] but has provided the Belsky/Tarquino Parties only descriptions of the work performed. These descriptions are sufficient in part. Attorneys Jared Green, Eron Cannon, Jennifer Koh, and paralegal Debbie Sizemore performed relatively little work—each billed fewer than seven hours—and the descriptions of their work accurately reflect the billing records the Court has reviewed *in camera*. These descriptions are insufficient as to the work of attorneys Tom Baxter and Daniel Aquino, however. Although Allstate seeks fees for 98.7 hours of work by Baxter, the only description Allstate has provided to the Belsky/Tarquino Parties is this: "Mr. Baxter billed

---

[1]These records consist of two exhibits. Exhibit A contains billing records for attorneys Eron Cannon and Jennifer Koh, and Exhibit B contains billing records for attorneys Jared Green, Tom Baxter, Daniel Aquino, and paralegal Debbie Sizemore.

2

98.7 hours directly related to addressing the counterclaims raised by Counter-claimants and the anti-SLAPP motion." (ECF No. 123 at 5.) And although Allstate seeks fees for 15.1 hours of work by Aquino, it has provided only the following description of Aquino's work: "reviewing this Court's order and the relevant pleadings, preparing Allstate's Motion for Attorney Fees and related declarations, and other tasks related to the motion." (*Id.* at 8.)

Allstate argues that it cannot provide billing records to the Belsky/Tarquino Parties because the billing records contain confidential, privileged information, including "the specific nature of the services provided, such as researching particular areas of law." (ECF No. 143 at 7 (quoting *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992).) While "submission of attorney billing records *in camera* is permissible to preserve attorney client privilege," *Clarke,* 974 F.2d at 129, the Court must permit the Belsky/Tarquino Parties an opportunity to challenge those parts of the billing record that are not protected by lawyer-client privilege. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir.1986) ("No reason appears why the timesheets should not have been made available to MGIC and MGIC given the opportunity to challenge them. We remand for the sole purpose of a hearing in which MGIC may challenge the reasonableness of the fees awarded. The court may withhold from MGIC any information it finds protected by the lawyer-client privilege."); *see also United States v. $1,379,879.09 Seized From Bank of Am.*, 374 F. App'x 709, 711 (9th Cir. 2010) ("The district court abused its discretion when it reviewed the billing records *in camera* and denied the government the opportunity to raise specific objections to the billing records.").

The billing records contain only some presumably privileged information. Allstate must provide non-privileged information to the Belsky/Tarquino Parties to the extent Allstate wishes to recover its fees. Without that information, the Belsky/Tarquino Parties are unable to dispute with specificity the reasonableness of Allstate's fees. The Court will therefore deny Allstate's Motion without prejudice and with leave to file a renewed motion
///

3

including Exhibit B of the *in camera* documents. However, Allstate may redact the following entries from Exhibit B to preserve attorney-client privilege:

1. All entries for attorneys or staff other than Baxter and Aquino;
2. Entry dated 6/20/16 for 4.4 hours;
3. Entry dated 6/21/16 for 0.9 hours; and
4. Entry dated 6/28/16 for 1.4 hours.

**B.      Reduction of Fees**

The parties agree that the fee award should be reduced to account for Allstate's failure to prevail on all of the counterclaims on anti-SLAPP grounds but disagree about how to calculate the reduction. The Belsky/Tarquino Parties argue that fees should be reduced by three-eights, or 37.5 percent, because there were actually eight distinct counterclaims and Allstate prevailed on anti-SLAPP grounds on five them. (ECF No. 130 at 18.) Allstate argues that the fees should be reduced by only twenty percent because it prevailed on four counterclaims on anti-SLAPP grounds and the two other counterclaims were analyzed as one counterclaim in the Court's prior order. (ECF No. 143 at 10.) The Belsky/Tarquino Parties' argument is predicated on the assumption that Allstate cannot delineate its billing records by issue or counterclaim. (*See* ECF No. 130 at 18.) The Court will permit Allstate to delineate its billing records by counterclaim in its renewed motion for attorneys' fees. If Allstate is unable or unwilling to do so, the Court will reduce the fees by an appropriate percentage to be determined.

**C.      Stay**

The Belsky/Tarquino Parties further request that the Court stay the resolution of this motion pending the outcome of their Motion for Sanctions, to Disqualify Plaintiffs' Counsel, for Injunctive Relief, and/or for Other Appropriate Relief ("Motion for Sanctions"). (ECF No. 130 at 20 (citing ECF No. 107).) The Court will not issue a stay because the Motion for Sanctions has been resolved. (ECF No. 263.)

///

///

### III. CONCLUSION

It is therefore ordered that Allstate's motion for fees (ECF No. 123) is denied without prejudice. Allstate is given leave to file a renewed motion for fees within seven (7) days.

DATED THIS 26th day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE