# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | Case No. 2:15-cv-02265-MMD-CWH |
| Plaintiffs, | **ORDER** |
| v. | |
| MAJORIE BELSKY, MD, et al., | |
| Defendants. | |

This matter is before the court on defendants Majorie Belsky, MD, Mario Tarquino, MD, Majorie Belsky, MD, Inc. d/b/a, Integrated Pain Specialists, and Mario Tarquino, MD, Inc.'s Motion for Protective Order (ECF No. 310), filed on May 15, 2018.

Defendants move for a protective order related to the Rule 30(b)(6) depositions in this case. Under Rule 26(c)(1) of the Federal Rules of Civil Procedure, a motion for a protective order must include a certification that the movant has in good faith conferred or attempted to confer with the other party to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). Additionally, Local Rule 26-7(c) provides that:

> discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

Defendants' attorney's declaration does not provide an account of direct dialogue or in-person attempts to meet and confer about any request for advance notice of specific patient charts. Rather, defense counsel includes attached exhibits of email exchanges between him and opposing counsel. *See* LR IA 1-3(f) (defining "meet and confer" as a "face-to-face meeting, telephonic conference, or video conference."). The court therefore will deny the motion for failure to comply with Rule 26(c)(1) and Local Rule 26-7(c).

///

1 | IT IS THEREFORE ORDERED that defendants' Motion for a Protective Order (ECF
2 | No. 310) is DENIED.

DATED: May 22, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE