# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ALLSTATE INSURANCE COMPANY, et al.,

    Plaintiffs,

v.

MAJORIE BELSKY, MD, et al.,

    Defendants.

Case No. 2:15-cv-02265-MMD-CWH

**ORDER**

Presently before the court is plaintiffs' emergency motion for leave to file under seal portions of plaintiff's motion to compel (ECF No. 371), filed on September 24, 2018. Plaintiffs move to seal portions of its motion to compel docketed at ECF No. 342.

The court recognizes a strong presumption in favor of the public's right to access judicial records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (stating that the "strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments."). An exception exists for "[a] narrow range of documents" that are "traditionally . . . kept secret for important policy reasons." *Id.* The party moving to seal a dispositive motion must provide compelling reasons to overcome the presumption. *Id.* The court then balances the interests of the public and the interests of the moving party. *Id.* Exposure to embarrassment, incrimination, or further litigation, are not compelling reasons to seal a record. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Under Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule IC 6-1, parties should partially redact personal-data identifiers from court filings. Personal-identifiers include social security numbers, names of minor children, dates of birth, financial account numbers, home addresses, and tax identification numbers. LR IC 6-1.

1        Here, plaintiffs move to seal exhibits A through D attached to its motion to compel, arguing that the exhibits contain information deemed confidential pursuant to a stipulated confidentiality agreement and protective order.  The exhibits reference the names and dates of birth of non-party patients of the defendant doctors.  The court recognizes plaintiffs' interests in protecting the personal information of patients and will therefore order the clerk of court to seal its motion to compel. (ECF No. 342.)   However, plaintiffs must file a redacted version of its motion to compel (ECF No. 342) for the public record pursuant to LCR IC 6-1.

       IT IS THEREFORE ORDERED that plaintiffs' motion to seal (ECF No. 371) is GRANTED.

       IT IS FURTHER ORDERED that the clerk of court must seal plaintiffs' motion to compel (ECF No. 342).

       IT IS FURTHER ORDERED that plaintiffs must file a redacted copy of the motion to compel (ECF No. 342) within 7 days of this order.

DATED: October 3, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE