1  DYLAN P. TODD, ESQ.
   Nevada Bar No. 10456
2  TODD W. BAXTER, ESQ.
   *Admitted Pro Hac Vice*
3  McCORMICK, BARSTOW, SHEPPARD,
   WAYTE & CARRUTH LLP
4  8337 West Sunset Road, Suite 350
   Las Vegas, NV 89113
5  Telephone:    (702) 949-1100
   Facsimile:    (702) 949-1101
6  *dylan.todd@mccormickbarstow.com*

7  ERON Z. CANNON
   Nevada Bar No. 8013
8  FAIN ANDERSON VANDERHOEF
   ROSENDAHL O'HALLORAN SPILLANE PLLC
9  701 5th Avenue #4750
   Seattle, Washington 98104
10 Telephone: (206) 749-0094
   Facsimile: (206) 749-0194
11 *eron@favros.com*

12 Attorneys for Plaintiffs/Counterdefendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>          Plaintiffs,<br><br>     v.<br><br>MARJORIE BELSKY, MD; MARIO TARQUINO, MD; MARJORIE BELSKY, MD, INC., doing business as INTEGRATED PAIN SPECIALISTS; and MARIO TARQUINO, MD, INC., DOES 1-100, and ROES 101-200,<br><br>          Defendants.<br><br>AND RELATED CLAIMS | CASE NO.     2:15-cv-2265-MMD-CWH<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RALPH A. SCHWARTZ, P.C. [ECF No. 330]** |

1

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RALPH A. SCHWARTZ, P.C. [ECF No. 330]**

Presently before the Court is a motion to compel production of documents to non-party law firm Ralf A. Schwartz, PC ("Schwartz") filed on August 7, 2018. (ECF No. 330). Schwartz filed a Response on August 21, 2018 (ECF No. 338), and Plaintiffs' Reply was filed on August 28, 2018 (ECF No. 344).

Plaintiffs served Schwartz with a subpoena pursuant to F.R.C.P. 45 for the production of documents regarding communications and payments made by and between Schwartz and the Defendants during Schwartz' representation of nine (9) parties in personal injury claims for which Plaintiffs paid a settlement on behalf of Plaintiffs' insured. Schwartz objected to the subpoena and moved to quash on grounds: 1) the information was protected by attorney-client privilege; 2) Schwartz's client directed the information not be produced due to HIPAA concerns; 3) request information constituted a trade secret or confidential commercial communication; and 4) the requested information was unduly burdensome as being cumulative because the information could have been requested of the Defendants. Plaintiffs respond that the requested information is proper under F.R.C.P. 26, and that Schwartz's on attorney-client privilege and unduly burdensome and cumulativeness do not apply. Plaintiffs contend that Schwartz has failed to demonstrate the required showing for protection under trade secret or confidential commercial communications, and that all objections based on confidentiality can be addressed by including Schwartz as a party to the existing protective order. The Court will address each of these arguments.

F.R.C.P. 26 (b)(10) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The information requested by Plaintiffs is both relevant and proportional to the needs of this case, as it involves claims of RICO violations, misrepresentation and fraud where the amount of claimed damages by all parties is very high. A Court must quash or modify a subpoena that requires disclosure of protected matter, Fed. R. Civ. P. 45(d)(3)(A)(iv); and may quash or modify a subpoena that requires disclosure of commercial information, Fed. R. Civ. P. 45(d)(3)(B)(i). However, courts should also consider other factors in deciding motions to quash or modify a subpoena, including the breadth or specificity of the discovery request, and the relevance of the requested information. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

2

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RALPH A. SCHWARTZ, P.C. [ECF No. 330]**

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

A. **Attorney-Client Privilege**

The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures." *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir.1992) (emphasis added). Although Schwartz alleges an attorney-client privilege, the subpoena does not request communications between Schwartz and its clients. The subpoena requests documents and communications between Schwartz and the Defendant doctors only. Schwartz does not identify any communications that actually classify for the privilege, and has not provided a privilege log, or distinguished in any way those documents claimed to be protected from those that are not attorney-client communications. The attorney-client privilege argument is without merit, and therefore overruled.

B. **Trade Secret and Confidential Commercial Communications**

Schwartz contends that disclosing the requested information and documents would violate its trade secret and confidential commercial communications protections, because it would disclose how Schwartz communicates with medical providers and negotiates billing reductions in personal injury litigations. "Confidential commercial information is information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained." *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 697 (D. Nev. 1994). The person asserting confidentiality has the burden of showing that the privilege applies to a given set of documents. F.R.C.P. 45(d); *see also In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir.1992). Furthermore, a party must "demonstrate by competent evidence" that the information it is seeking to protect is a trade secret, which would be harmful if disclosed. *Upjohn Co. v. Hygieia Biological Labs.*, 151 F.R.D. 355, 358 (E.D. Cal. 1993).

Schwartz has failed to meet its burden to provide a particularized showing of exactly how the requested information falls within the confidential commercial communication or trade secret protection. Furthermore, the information requested is not being disclosed to a competitor, and there has been no evidence or argument to support a claim that economic harm would result from the production of the requested information. Therefore, Schwartz's objection on the grounds of confidential commercial information and trade secret is overruled.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

3

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RALPH A. SCHWARTZ, P.C. [ECF No. 330]**

### C. <u>Unduly Burdensome and Cumulative</u>

Schwartz contends that since the requested information involves medical information that was available to Plaintiffs in the underlying personal injury cases, it would be unduly burdensome for Schwartz to comply with the subpoena sine Plaintiffs would obtain that information from their prior retained defense counsel. Schwartz also argues that since the information requested is communications between Schwartz and the Defendants, Plaintiffs should be required to seek that information from Defendants directly. Finally, Schwartz argues that it is unduly burdensome to locate correspondence for nine (9) prior claimants.

Schwartz's argument that Plaintiffs had ample opportunity to obtain the information in prior lawsuits in unpersuasive. F.R.C.P. 26 (b)(2)(C)(ii) states the Court must limit the extent of discovery where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." The prior litigations to which Schwartz is referring are personal injury actions where Plaintiffs were not a party. Those litigations took place years before this action, and did not involve the claims and causes of action contained in the instant lawsuit. Moreover, some of the requested information comes from claims where no litigation ensued.

This also applies to Schwartz's position that Plaintiffs could have obtained the information directly from Defendants. A party is permitted to obtain documents from a non-party under F.R.C.P. 45, even if the subpoena requests documents that are similar or identical to those previously sought from a party in the action. *See, Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 697 (D. Nev. 1994). While there is the possibility that some of the documents produced might be duplicative, the subpoena is directed towards a non-party that is a separate business entity from the Defendants. It is entirely possible that the files kept by these separate entities may not be identical.

The Court is unpersuaded by Schwartz's argument that producing the information would be unduly burdensome because Schwartz is a solo practitioner and would need to spend time reviewing several files to locate the requested information. The subpoena seeks communications only on nine (9) former client files. The Court does not find that this amounts to a significant burden or expense that would require quashing or modifying the subpoena. Therefore, the objection that the documents requested would be cumulative or unduly burdensome is overruled.

4

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RALPH A. SCHWARTZ, P.C. [ECF No. 330]**

### D. HIPAA Objections and Confidentiality of Medical Information

Schwartz maintains that its clients have not agreed to allow the law firm to produce the information, and doing so without their consent will result in a violation of its client's confidentiality protections under the Health Insurance Portability and Accountability Act ("HIPAA"). Schwartz does not dispute that this Court has the power to order production of documents, even in the absence of client-consent.

On June 6, 2016, the Court approved a stipulated confidentiality and protective order between the parties. That protective order specifically addresses HIPAA concerns, and contemplates the disclosure of protected health information in this litigation. (ECF No. 49, at 3:1-8). The order addressed the sensitive nature of medical records and communications under HIPAA, as well as the dissemination of other potentially protected or private information relating to a claimant, such as those indicated in Plaintiff's subpoena, and other identified claimants similarly situated. The stipulated confidentiality and protective order was entered into by Plaintiffs and Defendants only, and was approved by this Court on May 20, 2016. (ECF No. 49). Schwartz was not an original party to this protective order, and the Court finds that extending the protections and scope of the order to Schwartz would address any concerns regarding the disclosure of confidential or protected information.

Therefore, IT IS HEREBY ORDERED that the motion to compel (ECF No. 330) is GRANTED.

IT IS FURTHER ORDERED that the confidentiality and protective order approved by the Court and filed on June 6, 2016 (ECF No. 49) and all the safeguards and protections contained therein shall apply to Schwartz and to any documents subject to HIPAA or other confidentiality or privacy concerns produced in response to the subpoena issued by Plaintiffs. Schwartz is hereby ordered to comply with Plaintiffs' subpoena issued pursuant to F.R.C.P. 45 and shall produce the requested information and documentation. Schwartz shall have fifteen (15) days from the date of this order to comply with the subpoena.

///
///
///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

5

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RALPH A. SCHWARTZ, P.C. [ECF No. 330]**

IT IS SO ORDERED.

DATED this 19 day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted:

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP


By  */s/ Dylan P. Todd*
    DYLAN P. TODD, ESQ.
    Nevada Bar No. 10456
    TODD W. BAXTER, ESQ.
    *Admitted Pro Hac Vice*
    8337 West Sunset Road, Suite 350
    Las Vegas, NV 89113
    Telephone:(702) 949-1100
    Facsimile: (702) 949-1101
    Attorneys for Plaintiffs/Counterdefendants

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

6

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RALPH A. SCHWARTZ, P.C. [ECF No. 330]**

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2018, a true and correct copy of **PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RALPH A. SCHWARTZ, P.C. [ECF No. 330]** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

| | |
|---|---|
| Dennis L. Kennedy, Esq.<br>Joseph A. Liebman, Esq.<br>Joshua P. Gilmore, Esq.<br>BAILEY KENNEDY<br>8984 Spanish Ridge Avenue<br>Las Vegas, NV 89148<br>and<br>Peter S Christiansen, Esq.<br>R. Todd Terry, Esq.<br>Kendelee L. Works, Esq.<br>Whitney J. Barrett, Esq.<br>Keely A. Perdue, Esq.<br>CHRISTIANSEN LAW OFFICES<br>810 S. Casino Center Blvd., Suite 104<br>Las Vegas, NV 89101<br>(702) 240-7979<br>(866) 412-6992 fax<br>Pete@christiansenlaw.com<br>tterry@christiansenlaw.com<br>kworks@christiansenlaw.com<br>wbarrett@christiansenlaw.com<br>keely@christiansenlaw.com<br>*Attorneys for Defendants* | Nathan S. Deaver, Esq.<br>Brice J. Crafton, Esq.<br>DEAVER & CRAFTON<br>810 E. Charleston Blvd.<br>Las Vegas, NV 89104<br>(702) 385-5969<br>(702) 385-6939 fax<br>shannon@deavercrafton.com<br>Attorneys for Non-Party Ralph A. Schwartz, P.C. |

By  */s/ Tricia A. Dorner*
    An Employee of McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

03246-01560 5361154.1

7

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM RALPH A. SCHWARTZ, P.C. [ECF No. 330]**

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113