1  DYLAN P. TODD, ESQ.
   Nevada Bar No. 10456
2  TODD W. BAXTER, ESQ.
   *Admitted Pro Hac Vice*
3  McCORMICK, BARSTOW, SHEPPARD,
   WAYTE & CARRUTH LLP
4  8337 West Sunset Road, Suite 350
   Las Vegas, NV 89113
5  Telephone:  (702) 949-1100
   Facsimile:   (702) 949-1101
6  *dylan.todd@mccormickbarstow.com*

7  ERON Z. CANNON
   Nevada Bar No. 8013
8  FAIN ANDERSON VANDERHOEF
   ROSENDAHL O'HALLORAN SPILLANE PLLC
9  701 5th Avenue #4750
   Seattle, Washington  98104
10 Telephone: (206) 749-0094
   Facsimile:  (206) 749-0194
11 *eron@favros.com*

12 Attorneys for Plaintiffs/Counterdefendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>MARJORIE BELSKY, MD; MARIO TARQUINO, MD; MARJORIE BELSKY, MD, INC., doing business as INTEGRATED PAIN SPECIALISTS; and MARIO TARQUINO, MD, INC., DOES 1-100, and ROES 101-200,<br><br>Defendants.<br><br>AND RELATED CLAIMS | CASE NO.    2:15-cv-2265-MMD-CWH<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NETTLES LAW FIRM [ECF No. 331]** |

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

1

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NETTLES LAW FIRM [ECF No. 331]**

1  Presently before the Court is a motion to compel production of documents to non-party law
2  firm Nettles Law Firm ("Nettles") filed on August 10, 2018. (ECF No. 331). Nettles filed a Response
3  and Countermotion to Quash on August 24, 2018 (ECF No. 340), and Plaintiffs' Reply and Response
4  was filed on August 31, 2018 (ECF No. 349).

5  Plaintiffs served Nettles with a subpoena pursuant to F.R.C.P. 45 for the production of
6  documents regarding communications and payments made by and between Schwartz and the
7  Defendants during Nettles representation of certain parties in personal injury claims for which
8  Plaintiffs paid a settlement on behalf of Plaintiffs' insured. Nettles objected to the subpoena and
9  moved to quash on grounds of work product and trade secret/confidential commercial information.
10 Nettles further objects on the grounds that it is prevented from disclosing confidential client
11 information pursuant to the Model Rules of Professional Conduct relating to former clients. Plaintiffs
12 contend that Nettles has failed to demonstrate the required showing for protection under trade secret or
13 confidential commercial communications or work product, and that all objections based on
14 confidentiality can be addressed by including Nettles as a party to the existing protective order. The
15 Court will address each of these arguments.

16 **A.   Work Product**

17 F.R.C.P. 26 (b)(10) provides that parties "may obtain discovery regarding any nonprivileged
18 matter that is relevant to any party's claim or defense and proportional to the needs of the case." The
19 information requested by Plaintiffs is both relevant and proportional to the needs of this case, as it
20 involves claims of RICO violations, misrepresentation and fraud where the amount of claimed
21 damages by all parties is very high. A Court must quash or modify a subpoena that requires disclosure
22 of protected matter, Fed. R. Civ. P. 45(d)(3)(A)(iv); and may quash or modify a subpoena that requires
23 disclosure of commercial information, Fed. R. Civ. P. 45(d)(3)(B)(i). However, courts should also
24 consider other factors in deciding motions to quash or modify a subpoena, including the breadth or
25 specificity of the discovery request, and the relevance of the requested information. *See Moon v. SCP*
26 *Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

27 The subpoena requests documents and communications between Nettles and the Defendant
28 doctors only. "The burden is on the party asserting [the work product doctrine] to establish . . . that

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 W. Sunset Rd, Suite 350
Las Vegas, NV 89113

2

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DOCUMENTS FROM NETTLES LAW FIRM [ECF No. 331]**

the material sought to be withheld from disclosure . . . [was prepared] by or for another party or by or for that party's representative. *Ward v. CSX Transp., Inc.*, 161 F.R.D. 38, 40 (E.D.N.C. 1995) (citing *City Consumer Services, Inc. v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983)). Plaintiffs contend that even if Nettles had identified documents claimed to be work product, the protection would not apply because neither Nettles nor its former clients are parties to the litigation. *See Joseph v. Las Vegas Metro. Police Dept.*, 2:09-CV-00966-HDM, 2011 WL 846061, at *1 (D. Nev. Mar. 8, 2011).

Nettles' work product opposition appears to be theoretical at best. The law firm fails to provide any identification of documents that would arguably be covered by this protection. As Nettles has failed to meet its burden in asserting the work product protection, this objection is overruled.

### B. Trade Secret and Confidential Commercial Communications

Nettles' trade secret/confidential commercial communication argument has been presented by other law firms in response to Plaintiffs' subpoena. The law firm argues that the information requested could be used to identify some sort of pattern of how Nettles represents its clients in personal injury claims. Simply invoking trade secret protection from a subpoena is insufficient; a party must first "demonstrate by competent evidence" that the information it is seeking to protect is a trade secret, which would be harmful if disclosed. *Upjohn Co. v. Hygieia Biological Labs*., 151 F.R.D. 355, 358 (E.D. Cal. 1993). The person asserting confidentiality has the burden of showing that the privilege applies to a given set of documents. Fed. R. Civ. P. 45(d); *see also In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir.1992) (party asserting privilege has burden of proof). The burden also rests with the law firm to present competent evidence that substantial economic harm would result from disclosure of the documents to its competitive position. *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 697 (D. Nev. 1994).

Nettles acknowledges that Plaintiffs are not competitors, and has provided no evidence to establish any economic harm would result in compliance with the subpoena. As Nettles has failed to meet its burden to establish a trade secret or confidential commercial communication privilege, this objection is overruled.

///

///

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

3

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NETTLES LAW FIRM [ECF No. 331]**

### C. Rules of Professional Conduct

Nettles maintains that it is prevented from complying with the subpoena because its clients have expressly prohibited the release of their medical information. Nettles cites to Nevada Rule of Professional Conduct 1.9 regarding an attorney's obligation to not reveal information relating to a former client. Rule 1.9 states that an attorney shall not "[r]eveal information relating to representation except as these Rules would permit or require with respect to a client," Nev. R. Prof. Conduct 1.9(c)(2). The professional rules also allow for disclosure of any confidential information when it is in order to "comply with other law or court order." Nev. R. Prof. Conduct 1.6(b)(6). Nettles acknowledges that this Court has the power to order production of information over the objection of clients. The nature of the underlying claims in this litigation is such that the parties contemplated that potentially confidential and/or protected information would need to be disclosed during the discovery process. The parties accounted for this and put in place a detailed protective order that was filed with the Court (ECF. No. 49).

### D. Protective Order in Place

On June 6, 2016, the Court approved a stipulated confidentiality and protective order between the parties. That protective order specifically addresses HIPAA concerns, and contemplates the disclosure of protected health information in this litigation. (ECF No. 49, at 3:1-8). The order addressed the sensitive nature of medical records and communications under HIPAA, as well as the dissemination of other potentially protected or private information relating to a claimant, such as those indicated in Plaintiff's subpoena, and other identified claimants similarly situated. The stipulated confidentiality and protective order was entered into by Plaintiffs and Defendants only, and was approved by this Court on May 20, 2016. (ECF No. 49).

This protective order governs the conduct of the parties in their use and dissemination of any information and material identified by the order. This includes confidential health information of the type requested in Plaintiffs' subpoena. Nettles was not an original party to this protective order, and the Court finds that extending the protections and scope of the order to Nettles would address any concerns regarding the disclosure of confidential or protected information. Furthermore, once the documents and information are produced, the burden for their use in compliance with the stipulated

4

confidentiality and protective order rest with the parties themselves. Accordingly, the objections based on client consent and confidentiality of former client information are overruled.

Therefore, IT IS HEREBY ORDERED that the motion to compel (ECF No. 331) is GRANTED.

IT IS FURTHER ORDERED that the confidentiality and protective order approved by the Court and filed on June 6, 2016 (ECF No. 49) and all the safeguards and protections contained therein shall apply to Nettles and to any documents subject to HIPAA or other confidentiality or privacy concerns produced in response to the subpoena issued by Plaintiffs. Nettles is hereby ordered to comply with Plaintiffs' subpoena issued pursuant to F.R.C.P. 45 and shall produce the requested information and documentation. Nettles shall have fifteen (15) days from the date of this order to comply with the subpoena.

IT IS SO ORDERED.

DATED this 19 day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted:

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By */s/ Dylan P. Todd*_____
   DYLAN P. TODD, ESQ.
   Nevada Bar No. 10456
   TODD W. BAXTER, ESQ.
   *Admitted Pro Hac Vice*
   8337 West Sunset Road, Suite 350
   Las Vegas, NV 89113
   Telephone: (702) 949-1100
   Facsimile: (702) 949-1101
   Attorneys for Plaintiffs/Counterdefendants

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2018, a true and correct copy of **PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NETTLES LAW FIRM [ECF No. 331]** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

| | |
|---|---|
| Dennis L. Kennedy, Esq.<br>Joseph A. Liebman, Esq.<br>Joshua P. Gilmore, Esq.<br>BAILEY KENNEDY<br>8984 Spanish Ridge Avenue<br>Las Vegas, NV 89148<br>and<br>Peter S Christiansen, Esq.<br>R. Todd Terry, Esq.<br>Kendelee L. Works, Esq.<br>Whitney J. Barrett, Esq.<br>Keely A. Perdue, Esq.<br>CHRISTIANSEN LAW OFFICES<br>810 S. Casino Center Blvd., Suite 104<br>Las Vegas, NV 89101<br>(702) 240-7979<br>(866) 412-6992 fax<br>Pete@christiansenlaw.com<br>tterry@christiansenlaw.com<br>kworks@christiansenlaw.com<br>wbarrett@christiansenlaw.com<br>keely@christiansenlaw.com<br>*Attorneys for Defendants* | Christian Morris, Esq.<br>NETTLES LAW FIRM<br>1389 Galleria Drive #220<br>Henderson, Nevada 89014<br>(702) 434-8282<br>christian@nettleslawfirm.com<br>Attorney for Nettles Law Firm |

By   */s/ Tricia A. Dorner*
      An Employee of McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

03246-01560 5363092.1

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

6

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NETTLES LAW FIRM [ECF No. 331]**