UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>                           Plaintiffs,<br><br>    v.<br><br>MARJORIE BELSKY, MD; MARIO TARQUINO, MD; MARJORIE BELSKY, MD, INC., doing business as INTEGRATED PAIN SPECIALISTS; and MARIO TARQUINO, MD, INC., DOES 1-100, and ROES 101-200,<br><br>                           Defendants. | Case No. 2:15-cv-02265-MMD-CWH<br><br>ORDER |
| MARJORIE BELSKY, MD, MARIO TARQUINO, MD, MARJORIE BELSKY, MD, INC. doing business as, INTEGRATED PAIN SPECIALISTS, and MARIO TARQUIN, MD, INC.,<br><br>                           Counter-claimants,<br><br>    v.<br><br>ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>                           Counter-defendants. | |

## I. SUMMARY

This action involves claims of insurance fraud in connection with the medical treatment of individuals injured in auto accidents. Before the Court is Defendants'[1] objection ("Objection") (ECF No. 345) to Magistrate Judge C.W. Hoffman's oral ruling denying Defendants' motion to quash or modify subpoenas and for protective order ("Motion to Quash") (ECF No. 332 (minutes of proceedings); ECF No. 339 (transcript of proceedings)). The Court has reviewed Plaintiffs'[2] response (ECF No. 361). For the reasons discussed below, Defendants' Objection is overruled.

Additionally before the Court is Plaintiffs' renewed motion for attorneys' fees ("Renewed Motion for Fees"). (ECF Nos. 294 (motion); 295 (memorandum).) The Court has reviewed Defendants' response (ECF No. 297) as well as Plaintiffs' reply (ECF No. 306). For the following reasons, the Court grants Plaintiffs' Renewed Motion for Fees in the amount of $20,682.38.

## II. DEFENDANTS' OBJECTION (ECF NO. 345)

Plaintiffs issued subpoenas *duces tecum* to Wells Fargo Bank and Independent Consulting, LLC on May 22, 2018. (ECF No. 345 at 5.) The subpoena to Wells Fargo requested documents regarding any accounts held by any Defendants from January 1, 2008, to the present including account statements, deposit slips, withdrawal slips, and many other kinds of financial documents. (*See id.*) Similarly, the subpoena to Independent Consulting requested documents regarding any Defendants from January 1, 2008, to the present including account statements, profit and loss statements, individual or business tax returns, and many other kinds of financial documents. (*See id.* at 5-6.)

///
///

---

[1]Defendants are Majorie Belsky, MD; Mario Tarquino, MD; Majorie Belsky, MD, Inc. d/b/a Integrated Pain Specialists ("IPS"); and Mario Tarquin, MD, Inc. (collectively, "Defendants" or "the Doctors").

[2]Plaintiffs are Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Indemnity Company, and Allstate Fire & Casualty Insurance Company (collectively, "Allstate" or "Plaintiffs").

1    Defendants filed the Motion to Quash (ECF No. 313), and the Magistrate Judge
2 denied the motion after hearing oral argument. (ECF Nos. 332, 339.) Defendants object
3 to the Magistrate Judge's order for a number of reasons that the Court finds unpersuasive.
4 Accordingly, the Court will overrule Defendants' Objection.

### A.     Legal Standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection . . . also enable[s] the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

### B.     Discussion

Defendants argue that the Magistrate Judge clearly erred in finding that the Motion to Quash was an "all or nothing" motion and therefore erred in denying Defendants' request to narrow the subpoenas. (ECF No. 345 at 4.) But the record does not support Defendants' characterization of the Magistrate Judge's ruling. As Plaintiffs note, the Magistrate Judge considered a modification that Defendants proposed, and the Magistrate Judge rejected it as unworkable. (ECF No. 361 at 6-7 (citing ECF No. 339 at 26-28).) Specifically, the Magistrate Judge asked Defendants whether there was a way to narrow

the request for tax records, and counsel for Defendants stated: "I don't know how you would do it." (ECF No. 339 at 27.) Accordingly, the Court overrules Defendants' first objection.

Defendants next argue that the Magistrate Judge clearly erred in failing to explain why Plaintiffs were entitled to discover additional financial documents when they already possessed the profit and loss statements for Majorie Belsky, MD, Inc. d/b/a Integrated Pain Specialists and Mario Tarquin, MD, Inc. ("the Corporate Defendants"). (ECF No. 345 at 4, 15.) Again, the record does not support Defendants' characterization. As Plaintiffs note, the Magistrate Judge explained that he believed "the raw data that's contained in the banking records is important to check the veracity of the profit and loss and other statements that an accountant might produce." (ECF No. 361 at 17 (quoting ECF No. 339 at 17).) Accordingly, the Court overrules Defendants' second objection.

Defendants further argue that the Magistrate Judge clearly erred in finding that all Defendants' financial records were relevant to the counterclaims in this case when the only Defendants advancing the counterclaims are the Corporate Defendants—not the individual Defendants. (ECF No. 345 at 12-14.) But as Plaintiffs argue, Defendants themselves state that the Magistrate Judge found that the close relationship among all Defendants justified release of personal financial records for the individual Defendants in addition to the Corporate Defendants. (ECF No. 361 at 16-17; *see also* ECF No. 345 at 4.) The Magistrate Judge's reasoning is not clearly erroneous on its face. Moreover, Defendants cite no authority for their argument that the Magistrate Judge's reasoning was clearly erroneous or contrary to law. (*See* ECF No. 345 at 12-14.) Accordingly, the Court overrules Defendants' third objection.

Defendants argue that the Magistrate Judge clearly erred in failing to recognize that Plaintiffs were merely engaged in a fishing expedition to identify wrongdoing. (ECF No. 345 at 8-9.) Plaintiffs argue that the Magistrate Judge set forth a detailed analysis as to why the information requested in the subpoenas was relevant and necessary to both the initial causes of action and Defendants' counterclaims. (ECF No. 361 at 9.) The Court

agrees with Plaintiffs. The Magistrate Judge considered whether the scope of the subpoenas was proportional to the needs of the case, whether the subpoenas could be narrowed, and whether the existing protective order could safeguard against the invasive nature of the subpoenas. (ECF No. 339 at 15, 26-28, 33.) In finding that the subpoenas were proportional, incapable of narrowing, and balanced by a protective order, the Magistrate Judge necessarily (though implicitly) rejected Defendants' characterization of the subpoenas as a fishing expedition. Accordingly, the Court overrules Defendants' fourth objection.

Defendants argue that the Magistrate Judge clearly erred in failing to separately address the relevance and need for the various kinds of documents requested in the subpoenas. (ECF No. 345 at 9.) But Defendants cite no authority that would require the Magistrate Judge to separately consider the relevance and need for deposit slips as opposed to withdrawal slips, for instance. The Magistrate Judge's decision to consider the requested documents collectively as financial documents is not clearly erroneous on its face. Moreover, the Magistrate Judge discussed and evaluated the need for certain kinds of sensitive documents such as tax returns separately. (*See* ECF No. 339 at 26-27 (discussing whether the request for tax records could be narrowed).) Accordingly, the Court overrules Defendants' fifth objection.

Defendants argue that the Magistrate Judge clearly erred in finding that Defendants' financial information is relevant to showing financial relationships among them because this case is unique—Defendants are closely related. (ECF No. 345 at 10-11.) Plaintiffs argue that the authority Defendants cite does not support their position and that the unique nature of this case actually allowed the Magistrate Judge broader discretion than he would have in a typical case. (ECF No. 361 at 12-14.) The Court agrees with Plaintiffs. Defendants cite to an out-of-circuit district court decision, *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700 (E.D. Mich.), *aff'd*, No. 14-CV-11700, 2017 WL 3116261 (E.D. Mich. July 21, 2017), to argue that a close relationship between RICO defendants forecloses the need for the disclosure of financial

records. (ECF No. 345 at 10.) But the interconnectedness of the defendants in *Pointe* was actually a basis for denying a motion to quash the subpoenas in that case. *See Pointe*, 255 F. Supp. 3d at 710 ("In the Court's view, State Farm has sufficiently tied Get Well and Affiliated Diagnostic to the scheme and to defendants such that the discovery should be permitted."). In addition, the Court agrees with Plaintiffs that unique cases generally present judges with wider latitude than typical cases where established principles might constrain a judge's discretion. Accordingly, the Court rejects Defendants' sixth objection.

Defendants argue that the Magistrate Judge erred in finding that information about Defendants' net worth was relevant to Plaintiffs' claims for punitive damages. (ECF No. 345 at 11-12.) Plaintiffs argue that the Magistrate Judge actually found that Defendants' net worth was relevant to Plaintiffs' RICO claims as well. (ECF No. 361 at 15.) The Court agrees with Plaintiffs. The Magistrate Judge found that financial information was relevant "because the plaintiffs want to show the money relationships in defendants' businesses with other entities, including lawyer's offices and those lawyers' offices who refer PI cases to the defendants." (ECF No. 339 at 15-16.) The Magistrate Judge also found that "[t]he financials would show how the alleged fraud would work, the structure of the alleged RICO organization, who stands to profit and that sort of thing." (*Id.*) Accordingly, the Court overrules Defendants' seventh objection.

Defendants argue that the Magistrate Judge erred in failing to address whether the financial information in the tax records that were requested could be obtained from other sources. (ECF No. 345 at 16-17.) Plaintiffs contend that this argument is based on a discretionary standard that favors upholding the Magistrate Judge's ruling. (ECF No. 361 at 14.) The Court agrees with Plaintiffs. "There is no privilege for federal income tax returns and they are subject to civil discovery in appropriate circumstances." *Acosta v. Wellfleet Commc'ns, LLC*, No. 2:16-cv-02353-GMN-GWF, 2017 WL 5180425, at *8 (D. Nev. Nov. 8, 2017) (citing *Fazli v. ConocoPhillips Co.*, No. CV 03-04938-FMC (VBKx), 2008 WL 11343435, at *2 (C.D. Cal. Aug. 20, 2008)). And while "[c]ourts generally do not order production of federal tax returns unless the requesting party shows that the returns contain

relevant information which is not readily obtainable from other sources," *id.* (citations omitted), the Magistrate Judge reasoned that the tax records constituted "the most accurate financial records" that an individual has and would be useful for showing a series of itemized deductions, costs, and income. (ECF No. 339 at 16-17.) Thus, the record suggests that the Magistrate Judge considered the tax records to be the sole source of accurate, reliable, and useful information about Defendants' financials. Accordingly, the Court overrules Defendants' eighth objection.

For these reasons, the Court overrules Defendants' Objection in its entirety. (ECF No. 345.)

## III. PLAINTIFFS' RENEWED MOTION FOR FEES (ECF NO. 294)

Plaintiffs seek fees for work related to their motion to dismiss Defendants' counterclaims under Nevada's anti-SLAPP statute. (*See* ECF No. 53 ("Anti-SLAPP Motion").) The Court denied Plaintiffs' first motion for fees ("Original Motion for Fees") without prejudice primarily because Defendants were not provided with sufficiently detailed billing records to reasonably oppose Plaintiffs' motion. (*See* ECF No. 288 at 3.) Plaintiffs filed their Renewed Motion for Fees seeking $27,576.50. (ECF No. 294 at 8.) The Court grants the Renewed Motion for Fees but will reduce the fees award by 25% to account for Plaintiffs' partial success on the Anti-SLAPP Motion as discussed *infra*.

### A. Legal Standard

The parties seeking attorney's fees must establish that the fees are reasonable. The district court "has a great deal of discretion in determining the reasonableness of the fee." *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1993)).

Reasonable attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See also Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the court decides whether to adjust the lodestar figure

based on factors that have not been subsumed by the lodestar calculation. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Fischer*, 214 F.3d at 1119. These factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. The first through fifth factors are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the sixth factor—whether the fee is fixed or contingent—must not be considered in the lodestar calculation. *See Davis v. City & Cty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumed reasonable. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Finally, only in rare and exceptional cases should a court adjust the lodestar figure. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000); *see also Fischer*, 214 F.3d at 1119 n.4.

**B.  Discussion**

As a threshold matter, Defendants argue that the Renewed Motion for Fees should be denied because it is untimely and fails to discuss the various factors prescribed by LR 54-14.[3] (ECF No. 297 at 10-13.) The Court disagrees. While the Renewed Motion for Fees was filed two days late, Defendants' argument is moot because the Court already granted Plaintiff's motion for an extension of time. (ECF No. 305 (motion to extend time to file the Renewed Motion for Fees); ECF No. 308 (minute order granting motion to extend time).) In addition, Plaintiffs discussed the factors under LR 54-14 at length in their reply in

---

[3]Defendants also argue that a decision on the Renewed Motion for Fees should be stayed pending resolution of an objection (ECF No. 297 at 21), but that objection has already been resolved (*see* ECF No. 351 (overruling objection)). Accordingly, the Court rejects this argument as moot.

support of the Original Motion for Fees as well as in their reply in support of the Renewed Motion for Fees. (ECF No. 143 at 2-7; ECF No. 306 at 4-9.) Thus, Plaintiffs' Renewed Motion for Fees is compliant with LR 54-14.

Turning to the lodestar, Defendants dispute the number of hours of work that are recoverable as well as the percentage by which recovery should be reduced based on Plaintiffs' partial success on the Anti-SLAPP Motion. Defendants do not dispute that Plaintiffs are entitled to as least some fees, nor do they dispute the hourly rates of Plaintiffs' counsel and paralegal. The Court rejects Defendants' arguments for reducing the number of recoverable hours but reduces Plaintiffs' fee award by 25% to account for Plaintiffs' partial success on the Anti-SLAPP Motion.

### 1. Recoverable Hours

A number of Defendants' arguments for reducing the number of hours that may be recovered relate to a purported discrepancy of $6,156.50 between the Original Motion for Fees and the Renewed Motion for Fees. (*See* ECF No. 297 at 13-14.) Plaintiffs contend that they seek the same amount of attorneys' fees in both motions—$27,576.50. (ECF No. 306 at 9.) The Court agrees with Plaintiffs, though the way Plaintiffs presented the total amount of fees requested in the first round of briefing is confusing. In their Original Motion for Fees, Plaintiffs requested payment of "$21,420.00 plus any additional related fees incurred after the filing of this motion." (ECF No. 123 at 3.) Plaintiffs then incurred additional fees preparing the reply in support of the Original Motion for Fees but failed to specify a total amount of fees sought in the reply itself. (*See generally* ECF No. 143.) While Plaintiffs attached a "Memorandum of Fees" to their reply that listed total fees as $25,023.50 (ECF No. 143-3 at 2), it seems that the Memorandum of Fees did not include 13.8 hours that attorney Daniel I. Aquino ("Attorney Aquino") billed in connection with preparing the reply. (*Compare id.* (listing 15.1 billable hours for Attorney Aquino) *with* ECF No. 143-2 at 2 (attesting that Attorney Aquino spent 13.8 hours preparing the reply in addition to the 15.1 hours spent preparing the Original Motion for Fees).) Once Attorney Aquino's 13.8 hours at a rate of $185 per hour are added to the amount listed in the

1   Memorandum of Fees (as presumably was intended), the total amount sought in the
2   Original Motion for Fees is $27,576.50—the same as requested in the Renewed Motion
3   for Fees (*see* ECF No. 294 at 8). Accordingly, the Court rejects Defendants' arguments to
4   the extent they are based on a purported difference between the amount of fees requested
5   in the Original Motion for Fees and the Renewed Motion for Fees.

6   Defendants also argue that Plaintiffs should not be permitted to recover fees for
7   work related to the Original Motion for Fees because it was procedurally defective. (ECF
8   No. 297 at 15-16.) Plaintiffs counter that the Original Motion for Fees was denied based
9   on a legitimate question of attorney-client privilege that Plaintiffs presented in good faith.
10  (ECF No. 306 at 9.) The Court agrees with Plaintiffs. Plaintiffs advanced a good-faith
11  argument that the billing records could not be released to Defendants because they
12  contained privileged information, and indeed the Court found some of the records to be
13  privileged. (*See* ECF No. 288 at 4.) Accordingly, the Court rejects this argument.

14  Defendants' next argument relates to the number of hours billed by attorney Todd
15  W. Baxter ("Attorney Baxter"). Plaintiffs seek to recover fees for 98.7 hours of work by
16  Attorney Baxter. (ECF No. 294 at 5.) Defendants argue that Attorney Baxter's fees should
17  be reduced by 0.8 hours for time spent researching the abuse of process counterclaim
18  that was not dismissed on anti-SLAPP grounds and by 6.5 hours for time spent on tasks
19  for which Plaintiffs redacted the description. (ECF No. 297 at 16.) The Court rejects
20  Defendants' argument about the abuse of process claim because the Court will reduce
21  fees by a global percentage to account for the partial success of the anti-SLAPP motion.
22  The Court also rejects Defendants' argument based on the redacted descriptions of
23  Attorney Baxter's work because those entries were redacted pursuant to the Court's order
24  on the Original Motion for Fees. (*See* ECF No. 288 at 4.)

25  Defendants further argue that they have not received billing statements to support
26  the fees incurred by attorneys other than Attorneys Aquino and Baxter (ECF No. 297 at
27  16), but Defendants are reminded that this is by design. The Court allowed Plaintiffs to
28  ///

redact all entries for attorney and staff other than Attorneys Baxter and Aquino to preserve attorney-client privilege. (ECF No. 288 at 4.)

Given that Defendants have not persuasively argued that the number of hours expended is unreasonable, the Court will consider the percentage by which the fees should be reduced to account for the partial success of the Anti-SLAPP Motion.

### 2. Percentage Reduction

The parties agree that the fee award should be reduced to account for Plaintiffs' failure to prevail on all of the counterclaims on anti-SLAPP grounds but disagree about how to calculate the reduction. Defendants argue that fees should be reduced by three-eights, or 37.5%, because there were actually eight distinct counterclaims, and Plaintiffs prevailed on anti-SLAPP grounds on five them. (ECF No. 297 at 17.) Plaintiffs argue that the fees should be reduced by only twenty percent at most because Plaintiffs prevailed on four counterclaims on anti-SLAPP grounds and the two surviving counterclaims were so interconnected that they should be considered one. (ECF No. 294 at 9.)

Defendants listed six counterclaims in their answer: (1) abuse of process; (2) defamation per se; (3) business disparagement; (4) intentional interference with existing contractual relations; (5) intentional interference with prospective economic advantage; and (6) deceptive trade practices. (ECF No. 50 at 22-28.) The Court granted the Anti-SLAPP Motion as to the first, second, third, and sixth claims. (ECF No. 101 at 11-14.) The Court agrees with Plaintiffs that the fourth and fifth counterclaims were closely related— they were analyzed collectively in the order. (*See id.* at 12-13.) But so were the second and third counterclaims. (*See id.* at 11-12.) Given that there were essentially four counterclaims, and the Court granted the Anti-SLAPP Motion as to three of them, the Court will reduce the fees award by 25%.

Defendants argue that the abuse of process claim should count as two claims for the purpose of gauging Plaintiffs' success on the Anti-SLAPP Motion even though Defendants themselves pleaded only one abuse of process claim. (*See* ECF No. 297 at 5.) The Court analyzed the abuse of process claim as two claims and dismissed one under

Fed. R. Civ. P. 12(b)(6) and the other under NRS § 41.660. (ECF No. 101 at 7-12.) But the fact remains that the abuse of process claim violated Nevada's anti-SLAPP statute. The Court will not permit Defendants to assert their partial failure to state a claim as a defense to the fee-shifting provision in that statute.

Defendants also argue that the trade practices claim should count as two claims because it was based on two independent factual grounds. (*See* ECF No. 297 at 6.) While the Court recognized two grounds for the trade practices claim, the Court still analyzed it as one claim. (ECF No. 101 at 13-14.) Accordingly, the Court rejects Defendants' argument.

Defendants further argue that any award of fees for Attorney Baxter's time should be reduced by 30% because four attorneys worked on the Anti-SLAPP Motion and because Attorney Baxter used vague time entries. (ECF No. 297 at 19.) The Court finds a 30% reduction is not appropriate here because the additional attorneys who worked on the anti-SLAPP motion spent relatively little time on the Anti-SLAPP Motion. (*See* ECF No. 143-3 at 2.) In addition, Defendants did not identify specific entries that were vague. To the extent that they intended to refer to the entries for which descriptions were redacted, such redactions were proper based on the Court's prior order. (*See* ECF No. 288 at 4.)

Accordingly, the Court grants Plaintiffs' Renewed Motion for Fees in the amount of $20,682.38.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Plaintiffs' Renewed Motion for Fees (ECF No. 294) is granted in the amount of $20,682.38.

///

It is further ordered that Defendants' objection (ECF No. 345) is overruled.

DATED THIS 15th day of February 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE