# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | Case No. 2:15-cv-02265-MMD-CWH |
| Plaintiffs, | **ORDER** |
| v. | |
| MARJORIE BELSKY, MD, et al., | |
| Defendants. | |

Presently before the court is plaintiff Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Indemnity Company, and Allstate Fire & Casualty Insurance Company's (collectively referred to as "plaintiffs") motion to compel (ECF No. 342), filed on August 27, 2018. (A redacted version of the motion to compel is docketed at ECF No. 382.) Defendants Marjorie Belsky, MD, Mario Tarquino, Marjorie Belsky MD, Inc., Mario Tarquino, MD, Inc. (collectively referred to as "defendants") filed a response (ECF No. 366) on September 21, 2018. Non-party Nevada State Board of Medical Examiners' ("the Board") filed a response (ECF No. 372) on September 24, 2018. Plaintiffs filed a reply (ECF No. 379) on October 5, 2018.

Also before the court is non-party Nevada State Board of Medical Examiners' ("the Board") motion to quash (ECF No. 364), filed on September 21, 2018. Plaintiffs filed a response (ECF No. 380) on October 5, 2018. The Board filed a reply (ECF No. 385) on October 19, 2018.

Also before the court is defendants' counter motion for protective order (ECF No. 367), filed on September 21, 2018. Plaintiffs filed a response (ECF No. 378) on October 5, 2018. Defendants filed a reply (ECF No. 386) on October 19, 2018.

Also before the court are defendants' motions to seal (ECF Nos. 368, 387), filed on September 21, 2018 and October 19, 2018.

# I.     BACKGROUND

The underlying action arises out of plaintiffs' allegations that defendants Majorie Belsky, MD, Mario Tarquino, MD, and the corporation Integrated Pain Specialists engaged in racketeering, conspiracy and fraud. (Compl. (ECF No. 1).) Plaintiffs allege that defendants inflated billing records when treating patients with personal injury claims seeking payment from plaintiffs. (*Id.*) Plaintiffs allege that defendants then submitted the inflated statements to settle insurance claims. (*Id.*)

According to plaintiffs, in January of 2016, the Board began an investigation into defendants based on allegations similar to this action. (Mot. to Compel (ECF No. 342).) Plaintiffs also allege that in the course of the Board's investigation, the Board ordered both defendants and plaintiffs to produce billing records for 15 patients. (*Id.*) In October of 2016, plaintiffs issued a subpoena to the Board to produce documents pertaining to the investigation of defendants. (*Id.*) The Board contested the subpoena on the basis that the information sought is protected from disclosure by statute. (*Id.*; Resp. (ECF No. 366).) Ultimately, plaintiffs withdrew the subpoena. (Mot. to Compel (ECF No. 342).)

In July of 2018, plaintiffs issued a second subpoena to the Board, requesting any documents defendants provided to the Board and Board's entire investigation file. (*Id.*) During a telephonic meet and confer between the Board and plaintiffs, the Board maintained that the requested documents are confidential under Nevada Revised Statute 630.336(4). (*Id.*) Plaintiff now moves to compel the Board to produce the documents requested in the subpoena. (Mot. to Compel (ECF No. 342).) Defendants respond opposing the motion to compel and counter-move for a protective order. (Resp. (ECF No. 366); Mot. for Protective Order (ECF No. 367).) The Board also opposes the motion to compel and moves for a motion to quash, or in the alternative, a protective order. (Resp. (372); Mot. to Quash (ECF No. 364).)

# II.    MOTION TO COMPEL

Under Rule 26 of the Federal Rules of Procedure,

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The court has broad discretion in controlling discovery. *See Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Discovery should proceed with minimal involvement from the court. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (citing *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). When attempts to resolve discovery disputes without judicial intervention are unsuccessful, a party may move to compel discovery. *See generally* Fed. R. Civ. P. 37(a). The party compelling discovery has the burden to demonstrate that the information sought is permissible under Rule 26. *Colaco v. ASIC Advantage Simplified Pension Plan*, 301 F.R.D. 431, 434 (N.D. Cal. 2014). Thereafter, the burden shifts to the opposing party to demonstrate that discovery should be prohibited. *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

Plaintiffs move to compel documents from the Board's investigation of defendants, arguing that the documents are both relevant and discoverable. Additionally, plaintiffs argue that the Board erroneously objects to producing the documents under Nevada law, and that the records are subject to disclosure under *United States v. Capener*.[1] The Board and defendants respond that the investigative file is protected from disclosure under Nevada law, and that the statute in question provides the Board with deliberative process privilege. The Board and defendants also contend that *Capener* is inapplicable to the instant case. Plaintiffs reply that the confidentiality in the Nevada statute is limited and not absolute.

As stated in Rule 26, parties may only obtain discovery on non-privileged matters. Fed. R. Civ. P. 26(b)(1). The Board and defendants both argue that the requested documents are

---

[1] *United States v. Capener*, 2006 WL 8429884, at *1-2 (D. Nev 2006).

subject to privilege. Thus, the court must first determine whether the investigative file is privileged material.

As a preliminary matter, the court notes that it retains jurisdiction over this case on the basis of diversity. In diversity actions, the court applies Nevada state substantive law. *See Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001). Accordingly, this court is bound by decisions from Nevada's highest court. *See id.* ("In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.").

**A. Nevada Medical Practice Act**

Under the Nevada Public Records Act, public records of a government entity are subject to inspection by any person, unless provided otherwise by statute. *See* Nev. Rev. St. § 239.010(1). Among the statutes subject to the public records' exception provision is the Nevada Medical Practices Act. *See id.*; *see also* Nev. Rev. St. § 630.336; *McKay v. Bd. of Cty. Comm'rs of Douglas Cty.*, 746 P.2d 124, 125 (1987) ("When the legislature intends to make exceptions to the rule of publicity, its does so *specifically by statute*.") (emphasis in original). Section 630.336 of the Nevada Medical Practices Act states that:

> Except as otherwise provided in subsection 3 or 4, all applications for a license to practice medicine, perfusion or respiratory care, any charges filed by the Board, financial records of the Board, formal hearings on any charges heard by the Board or a panel selected by the Board, records of such hearings and any order or decision of the Board or panel must be open to the public.

Nev. Rev. St. § 630.336(2). Subsection four states that

> Except as otherwise provided in subsection 5 and NRS 239.0115, a complaint filed with the Board pursuant to NRS 630.307, all documents and other information filed with the complaint and all documents and other information compiled as a result of an investigation conducted to determine whether to initiate disciplinary action are confidential.

*//*

*Id.* § 630.336(4). Subsection five states that

> The formal complaint or other document filed by the Board to initiate disciplinary action and all documents and information considered by the Board when determining whether to impose discipline are public records.

*Id.* § 630.336(5). Lastly, Subsection six states that this "section does not prevent or prohibit the Board from communicating or cooperating with any other licensing board or agency or any agency which is investigating a licensee, including a law enforcement agency." *Id.* § 630.336(6).

Here, it is undisputed that Nevada Revised Statute § 630.336 controls any such disclosure of the withheld record. While subsection two of the statute includes a general provision in favor of publicity, subsection four expressly deems confidential any documents compiled from an investigation. § 630.336(2)&(4). The Board concedes an investigation occurred, but the Board closed the investigation without formal action. (Resp. (ECF No. 366) at 5; *see also* Sealed Ex. (ECF No. 369-2) at 2; Sealed Ex. (ECF No. 369-3) at 2; *see also* Mot. to Quash (ECF No. 364) at 2-3.) As a result, the Board filed no formal complaint nor document to initiate disciplinary action. The documents that plaintiffs request are those compiled by the Board in the course of its investigation into defendants. The requested documents are thus subject to the confidentiality provisions in Section 630.336(4).

Plaintiffs next argue that the confidentiality provisions in the statute are not absolute, as stated in *Capener*. *See* 2006 WL 8429884 (D. Nev 2006). However, the court finds that this case is distinguishable from the circumstances in *Capener*. 2006 WL 8429884, at \*1-2 (D. Nev 2006). In *Capener*, this court denied the Board's motion to quash a criminal defendant's subpoena for the Board to produce documents related to an investigation. 2006 WL 8429884, at \*1-2 (D. Nev 2006). There, the Board argued that the documents were confidential under Section 630.336 of the Nevada Revised Statutes. *Id.* at \*2. The court, relying on subsection 5 and subsection 6 of the Nevada statute, stated that confidentiality is not absolute and ordered the Board to comply with the subpoena, and ensured that any produced documents would remain confidential pursuant to the court's protective order. *Id.*

The requesting party in *Capener* is a criminal defendant that subpoenaed the documents to aid in his defense. *See* 3:05-cr-00114-RCJ-RAM (Indictment (ECF No. 1); Resp. (ECF No. 104).). Criminal defendants have a constitutional right to obtain documents to aid in their defense. *See* U.S. Const. amend. VI; *see also U.S. v. Nixon*, 418 U.S. 683 (1974). In contrast, this case is a civil case and plaintiffs have not demonstrated that the documents are fundamental to a constitutional right. Second, the court in *Capener* issued the subpoena pursuant to Rule 17 of the Federal Rules of Criminal Procedure and not Rule 45 of the Federal Rules of Civil Procedure. *See* 3:05-cr-00114-RCJ-RAM (Order (ECF No. 79).) Thus, the court is not persuaded that *Capener* is applicable to the instant case. The court further finds that the investigation file is confidential pursuant to Nevada Revised Statute § 630.336(4).

**B. Deliberative Process Privilege**

Plaintiffs next argue that the court's protective order (ECF No. 49) would undoubtedly extend to the confidential information contained in the investigative file. (Mot. to Compel (ECF No. 342) at 13.) However, the Board and defendants argue that confidentiality provisions in the statute create deliberate process privilege. Defendants also argue that the protective order is insufficient to protect the investigation file. (*See* Reply (ECF No. 386).) Further, the Board contends that the file cannot be produced because of privilege, even subject to a protective order. (Mot. to Quash (ECF No. 364) at 6.) The court will now determine whether the confidentiality provision in Nevada Revised Statute § 630.336(4) creates deliberative process privilege.

Deliberative process privilege "provide[s] protection to the deliberative and decision-making processes of the executive branch." *Clark Cty. Sch. Dist. v. Las Vegas Review-Journal*, 429 P.3d 313, 318 (2018) (*citing DR Partners v. Bd. of Cty. Comm'rs of Clark Cty.*, 6 P.3d 465, 468 (2000)). The privilege applies when the "withheld records are both predecisonal and deliberative." *Reno Newspapers, Inc. v. Gibbons*, 266 P.3d 623, 627 (2011). Documents are "predecisional" when they contribute to an agency policy or decision. *DR Partners*, 6 P.3d at 469. Documents are "deliberative" when they consist of the opinions, advice, or any recommendations about agency polices or decisions. *Id.* The existence of such a privilege is narrowly interpreted and applied. *DR Partners*, 6 P.3d at 468. There is a presumption that all

government documents are subject to disclosure. *Gibbons*, 266 P.3d at 628. The Nevada agency contesting disclosure has the burden to overcome the presumption, by a preponderance of the evidence, and demonstrate that the records are confidential or establish the "existence of privilege based upon confidentiality." *DR Partners*, 6 P.3d at 468; *see also Gibbons*, 266 P.3d at 628. In the absence of a statute expressly declaring that a record is confidential, limitations to disclosure must be resolved by a "broad balancing of the interests." *Gibbons*, 266 P.3d at 628; *see also Donrey of Nevada v. Bradshaw*, 798 P.2d 144 (1990) ("In the absence of an absolute privilege created by statute, the application of privilege is subject to a balancing test.")

Here, the documents requested are both predecisonal and deliberative. The Board compiled the documents in the course of investigating defendants. The information was then reviewed at the Board's regularly scheduled meeting, where it was determined that there "was no reasonable basis for filing a complaint." (Mot. to Quash (ECF No. 364) at 2.) As such, it follows that the information in the file served as the basis to abstain from formal action. Further, the Nevada statute pertaining to the confidentiality of investigative documents is unequivocal: "all documents and other information compiled as a result of an investigation conducted to determine whether to initiate disciplinary action are confidential." Nev. Rev. St. § 630.336(4). Given that the statute has expressly provided that the disputed records are confidential, the court need not conduct a balancing test to resolve the issue of disclosure. *See Gibbons*, 266 P.3d at 628. Therefore, the court finds that the Board need not disclose the investigative file, as the documents are subject to deliberative process privilege protection. The court therefore denies plaintiffs' motion to compel.

## III.     MOTION TO QUASH AND MOTIONS FOR PROTECTIVE ORDER

The Board also moves to quash the Rule 45 subpoena, and both defendants and the Board move for protective orders. Given that the investigative file is protected by deliberative process privilege, the court finds good cause to issue a protective order. *See* Fed. R. Civ. P. 37(a)(5)(B) ("If the motion [to compel] is denied, the court may issue any protective order authorized under Rule 26(c)."); Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."); *see*

*also Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 38 (1984)) (the law confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."). In light of the fact that the plaintiffs motion to compel is denied, the court also grants the Board's motion to quash.

## IV.     MOTIONS TO SEAL

Defendants move for leave to file under seal exhibits in support of their response to plaintiffs motion to compel and exhibits submitted in reply to their countermotion for protective order. (Mot. to Seal (ECF Nos. 368, 387).) Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption." *Id.* at 1179-80. However, non-dispositive motions are not subject to the same strong presumptions given to dispositive motions. *Id.* at 180. The good cause standard is sufficient to seal discovery material attached to non-dispositive motions. *Id.* at 1180.

Here, defendants move to seal exhibits that contain communications between the Board and defendants, and a summary of plaintiffs correspondence with the Board. Defendants argue that these communications relate to the Board's investigation of defendants and are therefore confidential by Nevada Statute.[2] The court will therefore grant defendants' motions to seal.

## V.     CONCLUSION

IT IS SO ORDERED that plaintiffs' motion to compel (ECF No. 342) is DENIED.

IT IS FURTHER ORDERED that the Board's motion to quash (ECF No. 364) is GRANTED.

IT IS FURTHER ORDERED that defendants' counter motion for protective order (ECF No. 367) is GRANTED.

---

[2] Nevada Revised Statute § 630.336 provides, in relevant part, that "all documents and other information compiled as a result of an investigation conducted to determine whether to initiate disciplinary action are confidential."

IT IS FURTHER ORDERED that defendants' motions to seal (ECF Nos. 368, 387) are GRANTED.

DATED: March 8, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE