# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allstate Insurance Company; Allstate Property & Casualty Insurance Company; Allstate Indemnity Company; and Allstate Fire & Casualty Insurance Company, | Case No. 2:15-cv-02265-MMD-DJA |
| Plaintiffs, | **Order** |
| v. | |
| Marjorie Belsky, MD; Mario Tarquino, MD; Marjorie Belsky, MD, Inc., doing business as Integrated Pain Specialists; and Mario Tarquino, MD, Inc.; et al., | |
| Defendants. | |
| And related claims. | |

This is a fraud and conspiracy action arising out of Plaintiffs' allegations that Defendants—doctors and their related businesses—had a procedure of inflating medical bills to leverage artificially enhanced settlement values. Both Plaintiffs and Defendants move to seal documents related to their summary judgment briefings. (ECF Nos. 545, 550). Because the Court finds that Plaintiffs have demonstrated compelling reasons to seal, it grants their motion. (ECF No. 545). Because the Court finds that Defendants have only demonstrated compelling reasons to seal some of their exhibits, but not others, it grants in part and denies in part Defendants' motion to seal. (ECF No. 550).

## I.     Legal standard.

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard. *See*

*Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101.  For records attached to motions not more than tangentially related to the merits of the case, the "good cause" standard applies.  *See Ctr. for Auto Safety*, 809 F.3d 1095, 1101.

Under the compelling reasons standard, a court may seal a record only if it finds "compelling reasons" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture."  *Ctr. for Auto Safety*, 809 F.3d at 1096-97.  Compelling reasons exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.  *Id.* at 1097 (internal quotations and citations omitted).  The compelling reasons must be "supported by specific factual findings," that outweigh "the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  *Kamakana*, 447 F.3d at 1178-79 (internal quotations and citations omitted).  The Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents—that they are confidential" and that, in general, their disclosure would be harmful to the movant.  *Id.* at 1182.  Furthermore, any "requests to seal documents must be 'narrowly tailored' to remove from the public sphere only the material that warrants secrecy."  *Florence v. Cenlar Fed. Sav. & Loan*, No. 2:16-cv-00587, 2017 WL 1078637, at *2 (D. Nev. March 20, 2017).  "As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the court must order that redacted versions be filed rather than sealing entire documents."  *Id.*; *see In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011); *see Welch v. Minev*, No. 2:19-cv-01064-GMN-BNW, 2022 WL 4809269, at *2 (D. Nev. Oct. 1, 2022).

II.   **Discussion.**

As a preliminary matter, the Court finds that the compelling reasons standard applies because the exhibits both Plaintiffs and Defendants seek to seal are attached to summary judgment briefings.

1

        **A.**      *Plaintiffs' motion to seal (ECF No. 545).*

2

        Plaintiffs move to redact certain exhibits to their response to Defendant's motion for

3

summary judgment and to seal other exhibits. (ECF No. 545). Plaintiffs explain that Exhibits 2,

4

4-7, 9-11, 18-20, 22, 24, 25, 27, 28, and 32-35[1] are depositions of various witnesses that include

5

information regarding patients and medical information. Plaintiffs assert that they have redacted

6

these transcripts to remove private medical information. Plaintiffs also seek to seal Exhibits 1, 3,

7

8, 12-16, 37, and 38 in their entirety. Plaintiffs explain that Exhibits 1, 3, 8, 12-15, 16, 37, and 38

8

include protected health information of third parties who treated with Defendants, including

9

descriptions of their injuries, financial information, damages calculations, claims, and medical

10

charges. Plaintiffs argue that, because this information is protected under the Health Insurance

11

Portability and Accountability Act (HIPPA), there is a compelling reason to seal and redact the

12

documents. The Court agrees. *See Ansara v. Maldonado*, No. 2:19-cv-01394-GMN-VCF, 2022

13

WL 17253803, at *3 (D. Nev. Nov. 1, 2022) (explaining that "sensitive and private medical

14

information protected by HIPPA" meets the compelling reasons standard); *See Steven City*

15

*Broomfield v. Aranas*, No. 3:17-cv-00683, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020)

16

(compiling cases). It will therefore grant Plaintiffs' motion.

17

        **B.**      *Defendants' motion to seal (ECF No. 550).*

18

        Defendants move to seal Exhibits C and D to its response—excerpts of depositions from

19

Plaintiffs' 30(b)(6) designees—that Plaintiffs designated confidential because they believe that

20

they constitute or contain sensitive commercial information and trade secrets regarding how they

21

settle claims. Defendants also move to seal Exhibits F, G, H, L, JJ, OO, and PP to the response

22

because they contain the names of former patients. Defendants explain that they have redacted

23

the names from the documents and thus, the documents need not be sealed in their entirety.

24

However, Defendants have not filed the redacted version of these exhibits on the public docket.

25

Defendants move to seal Exhibit I because it is a third-party contractual agreement and contains

26

27

---

[1] Plaintiffs refer to Exhibits 17-36 in their motion. However, this appears to be a typo because Exhibits 17, 21, 23, 26, 29, 30, and 31 are filed on the public docket. (ECF Nos. 541-6, 541-10,

28

542-1, 542-4, 542-7, 542-8, 542-9).

1   sensitive commercial information related to a nonparty. Defendants also move to seal Exhibits T

2   and U because Plaintiffs designated the documents confidential believing that they contain

3   sensitive commercial and trade secret information. Defendants do not take a position whether the

4   documents designated confidential by Plaintiffs meet the compelling reasons standard.

5          The Cout grants Defendants' motion in part and denies it in part. The Court denies

6   Defendants' motion regarding Exhibits C, D, J, N, T, U, Z, AA, and DD. Defendants have not

7   taken a position on whether Exhibits C, D, T, and U meet the compelling reasons standard to

8   remain under seal. And Plaintiffs have not filed a response to Defendants' motion. This leaves

9   the Court without any grounds on which to base its sealing decision. Additionally, Defendants

10  list Exhibits J, N, Z, AA, and DD in their conclusion, but do not provide any argument regarding

11  these exhibits. It is also unclear which party designated these documents confidential. The Court

12  will thus deny Defendants' motion regarding Exhibits C, D, J, N, T, U, Z, AA, and DD. The

13  Court will not order these documents filed on the public docket at this time. But it will order the

14  parties to meet and confer and submit a joint submission regarding these exhibits. For each

15  exhibit, the designator must either establish compelling reasons to keep the documents under seal

16  or withdraw their confidentiality designations and agree that the documents should be unsealed.

17  The parties' must file this joint submission on or before September 6, 2023.

18         The Court finds that Defendants have established compelling reasons to seal the

19  unredacted versions of Exhibits F, G, H, L, JJ, OO, and PP because they contain patient names

20  and protected health information. But Defendants have not filed the redacted version of those

21  transcripts on the docket. The Court will thus require Defendants to file the redacted versions of

22  Exhibits F, G, H, L, JJ, OO, and PP on the public docket on or before September 6, 2023.

23  Finally, the Court finds compelling reasons to seal Exhibit I because it is a contractual agreement

24  between two third parties and is marked privileged. *See In re Anthem, Inc. Data Breach*

25  *Litigation*, No. 15-md-02617-LHK, 2018 WL 3067783, at *3 (N.D. Cal. Mar. 16, 2018) ("Courts

26  generally accept attorney-client privilege and the work-product doctrine as a 'compelling reason'

27  justifying a motion to seal.") (quoting *Hanson v. Wells Fargo Home Mortg., Inc.*, No. 13-cv-

28  00939-JLR, 2013 WL 5674997, at *3 (W.D. Wash. Oct. 17, 2013)).

1    **IT IS THEREFORE ORDERED** that Plaintiffs' motion to seal (ECF No. 545) is

2    **granted.**

3    **IT IS FURTHER ORDERED** that Defendants' motion to seal (ECF No. 550) **is granted**

4    **in part and denied in part**.  It is granted in part regarding Exhibits F, G, H, I, L, JJ, OO, and PP.

5    It is denied in part regarding Exhibits C, D, J, N, T, U, Z, AA, and DD.  However, the Court will

6    not require the parties to file public versions of Exhibits C, D, J, N, T, U, Z, AA, and DD at this

7    time.

8    **IT IS FURTHER ORDERED** that on or before **September 6, 2023**, the parties must

9    meet and confer and file a joint submission regarding Exhibits C, D, J, N, T, U, Z, AA, and DD.

10   For each exhibit, the designator must either establish compelling reasons to keep the documents

11   under seal or withdraw their confidentiality designations and agree that the documents should be

12   unsealed.

13   **IT IS FURTHER ORDERED** that Defendants must file redacted versions of Exhibits F,

14   G, H, L, JJ, OO, and PP on the public docket on or before **September 6, 2023.**

15

16   DATED: August 16, 2023

17   _____

18   DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28